UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANASTACIO M. CERRITO,

    Applicant,

v.                                                    CASE NO. 8:14-cv-721-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
                                             /

## **O R D E R**

Cerrito applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for four counts of sexual battery and four counts of lewd and lascivious molestation, for which he is imprisoned for life. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent correctly argues that the application is time-barred. Recognizing that his application is untimely, Cerrito asserts entitlement to equitable tolling.

## **ONE-YEAR LIMITATION**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Cerrito's conviction was final on April 10, 2008,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Cerrito let 298 days elapse before filing a state Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 3) Tolling continued until November 12, 2013, when the mandate issued. (Respondent's Exhibit 5) Sixty-seven days of the one-year limitation remained (365 − 298 = 67). Consequently, Cerrito's deadline was January 18, 2014 (November 12, 2013 + 67 days = January 18, 2014). Cerrito agrees with that calculation. (Doc. 12 at 2) Cerrito dated his federal application March 21, 2014, sixty-two days after the deadline.

## EQUITABLE TOLLING

Cerrito asserts entitlement to equitable tolling. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject

---

[1] Cerrito's direct appeal concluded on January 10, 2008, upon the denial of his motion for rehearing in 2D06-3781. (Respondent's Exhibit 5) Cerrito correctly argues that the respondent's calculation of the deadline fails to account for the motion for rehearing. *See* Rule 13(3), Rules of the Supreme Court. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *Accord Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (recognizing that the applicant bears the burden of proving entitlement to equitable tolling), *cert. denied*, 538 U.S. 947 (2003). Cerrito must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, an applicant's "lack of diligence precludes equity's operation," *Pace*, 544 U.S. at 419, but "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted). To satisfy the second requirement, Cerrito must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Cerrito argues that both the district court clerk's negligence and the prison system's lack of assistance entitles him to equitable tolling.

**Court Clerk's Negligence:**

Cerrito argues that the clerk of the Second District Court of Appeal failed to timely advise him that the mandate had issued from the denial of his Rule 3.850

- 3 -

appeal. The mandate issued on November 12, 2013. Cerrito represents that he did not receive a copy of the mandate until after he contacted the clerk of the court on March 14, 2014.

The negligence of a court clerk may qualify for equitable tolling. "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003). *Accord Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (recognizing that negligence by a court clerk in failing to notify a *pro se* litigant about a decision on an appeal may qualify for equitable tolling). However, even if the court clerk acted negligently, an applicant's own lack of due diligence will defeat entitlement to equitable tolling. *Drew*, 297 F.3d at 1288 ("In the absence of any showing of his own diligence, Drew cannot be entitled to the rare and extraordinary remedy of equitable tolling.").

Cerrito argues that he could not timely file his federal application because he did not timely receive a copy of the mandate from the denial of his Rule 3.850 appeal. Under Rule 9.340, Florida Rules of Appellate Procedure, a mandate "shall issue . . . after expiration of 15 days from the date of the order or decision" unless otherwise ordered by the court. Significantly, Cerrito never argues that he did not receive a copy of the order that affirmed the denial of his Rule 3.850, only that he did

not receive a copy of the mandate until after he sent a letter to the clerk. Cerrito waited nearly five months before he inquired about the mandate. Cerrito shows neither that he exercised due diligence, *Drew*, 297 F.3d at 1288 ("We think that one letter is plainly an insufficient evidentiary foundation to support Drew's claim of diligence . . . ."), nor that the clerk's alleged negligence caused the untimely filing of his application. *Hollinger v. Sec'y Dep't of Corr.*, 334 Fed. App'x 302, 308 (2009)[2] (recognizing that the applicant must prove a "causal connection" between the alleged negligence and the untimely filing of a Section 2254 application). *See also Bell v. Florida Atty. Gen.*, 461 Fed. App'x 843, 849 (11th Cir. 2012) ("[I]t is often the case that causation is more difficult for a petitioner to prove if an extraordinary circumstance occurs early in the statute of limitations period.").

**Prison System:**

Cerrito argues that the prison system lacks adequate assistance both from inmate law clerks and for inmates who are not conversant in the English language. Neither an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), nor limited or restricted access to a prison law library qualifies for equitable tolling. *Miller v. Florida*, 307 Fed. App'x 366, 367–68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

[extra]ordinary circumstances warranting equitable tolling."). This lack of entitlement to equitable tolling is further explained in *Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007), *cert. denied* 555 U.S. 1086 (2008):

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).
>
> Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. Because Paulcin failed to establish extraordinary circumstances, the district court did not err in not applying equitable tolling and dismissing his petition as time-barred.

Cerrito cites *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006), and argues that he meets the extraordinary circumstance requirement because of (1) his limited ability to speak or read English and (2) the lack of access either to law books written in Spanish or to inmate law clerks who speak Spanish. *Mendoza* is not controlling precedent in this circuit. Instead, *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005), governs in this circuit, which case rejects a difficulty with English as an extraordinary circumstance justifying an untimely post-conviction challenge. This principle is well-established in this circuit. *Perez v. Florida*, 519 Fed. App'x 995, 997 (11th Cir. 2013) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. . . . Furthermore, we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *DeLeon v. Florida Dep't of Corr.*, 470 Fed. App'x 732, 734 (11th Cir.) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. . . . The lack of a legal education, the absence of legal counsel in this collateral context, and the resulting consequence of reliance upon a bilingual inmate law clerk also do not excuse a failure to file a § 2254 petition in a timely fashion."), *cert. denied*, 133 S. Ct. 417 (2012). Cerrito fails to show that he exercised reasonable due diligence in trying to challenge his conviction. *See Diaz v. Kelly*, 515 F.3d 149, 154 (2nd Cir. 2008) (Due diligence requires a "substantial obligation to make all reasonable efforts to obtain

assistance to mitigate [a] language deficiency."). Cerrito erroneously argues that the respondent fails to refute his claim of extraordinary circumstances. As stated above, the burden of proof rests with Cerrito.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Cerrito is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Cerrito must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred and he is not entitled to equitable tolling, Cerrito cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Cerrito is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Cerrito must pay the full $505 appellate filing fee unless the circuit court allows Cerrito to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 14, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE